**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Alexander Otis Matthews

    v.                          Civil No. 15-cv-273-JL

Aquila J. Grimes et al.[1]

**REPORT AND RECOMMENDATION**

Pro se plaintiff Alexander Otis Matthews, an inmate at the Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin") has filed a complaint (doc. no. 1) and several addenda thereto (doc. nos. 3-7 and 14).[2]  The complaint and complaint addenda are before the court for preliminary review to determine, among other things, whether Matthews has stated any claim upon which relief might be granted.  See 28 U.S.C.

_____

[1]The defendants named in the complaint (doc. no. 1) and the complaint addenda (doc. nos. 3-7 and 14) are: the United States; Federal Correctional Institution, Berlin, New Hampshire ("FCI-Berlin") Notaries Aquila J. Grimes and Denise Kruskie; FCI-Berlin Associate Warden Birkholz, whose first name is unknown ("FNU"); FCI-Berlin Case Manager P. Deveney; Bureau of Prisons Legal Department employee Les Owens; CompuScribe, a Maryland transcription service; and CompuScribe employees Michael Burns, Lisa Contreras, and a John/Jane Doe office manager.

[2]The complaint (doc. no. 1) and complaint addenda (doc. nos. 3-7, and 14), in the aggregate, are construed to be the complaint in this matter for all purposes.

§ 1915(e)(2); LR 4.3(d)(1)(B).

## Preliminary Review Standard

In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## Discussion

### I.   Constitutional Claims

#### A.   Background

In February 2014, Matthews, while incarcerated at FCI-Berlin, began working on a civil malpractice action against his federal criminal attorney in a Virginia state court. Matthews states that in order to proceed without paying a filing fee in that matter, he needed two documents notarized. The state court rejected his document once due to the age of the notarization thereon, and indicated that to proceed without paying a filing fee, Matthews had to provide a new notary seal. Additionally, Matthews sought to bring a separate lawsuit in a Virginia state

2

court concerning property, in which he needed to submit a notarized form to obtain service of that action on defendants.

Matthews asserts that he sought notary services at the prison through his FCI-Berlin Case Manager, P. Deveney.  Deveney told Matthews that he would have to provide the documents to be notarized in their entirety, and those documents would have to be scanned and sent to the FCI-Berlin Education Department for approval.  Matthews objected to providing all of his state court civil case documents, on the basis that doing so could result in government interference with his cases, or a refusal to provide notary services based on the substance of his lawsuit.  Matthews ultimately provided the documents to Deveney to scan, but did not receive notarization of his forms, or any other response to his request.

Deveney told Matthews that the FCI-Berlin Education Department sent the complaint to Les Owens at the Bureau of Prisons' legal department in Devens, Massachusetts, but Owens denied Matthews's request for notary services.  Matthews allege that the denial was improperly based on the substance of his lawsuit.  Matthews also claims that FCI-Berlin Notary Aquila Grimes denied his direct request for notarization of his forms.  Further, during the administrative grievance process, FCI-Berlin

Associate Warden Birkholtz denied Matthews's request for a notary.

Plaintiff asserts that simultaneously with his efforts to have documents notarized, another inmate also sought notary services.  That inmate was not required to provide all of his documents to be scanned and approved, and promptly received his requested notarization.

    **B.**    **First Amendment Claims**

        1.   Access to the Courts

Matthews asserts that his First Amendment right of access to the courts was violated by the denial of notary services that Matthews needed to litigate state court actions.  To state such a claim, an inmate must show, among other things, that defendants have actually injured him, with respect to his ability to pursue a nonfrivolous claim that he has a right to litigate.  See Lewis v. Casey, 518 U.S. 343, 349-52 (1996).

"[A] prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." Thaddeus-X v. Blatter, 175 F.3d 378, 391 (2d Cir. 1999); see also Gonzalez v. Wright, No. 09-cv-234-JD, 2009 WL 2982790, at *2,  2009 U.S. Dist. LEXIS 95778, at *6-*7 (D.N.H. Sept. 10, 2009) (to assert denial of access to the courts claim

"an inmate must allege that he has been prejudiced by the lack of access to the courts in a legal action that he is constitutionally entitled to pursue"), report and recommendation adopted, 2009 WL 3319676, 2009 U.S. Dist. LEXIS 95846 (D.N.H. Oct. 14, 2009).  The lawsuits for which Matthews sought notarization were state court actions for malpractice against his criminal attorney, and concerning property.  Those cases do not fall into the categories of suits that Matthews is constitutionally entitled to pursue.  Matthews's attempt to characterize his malpractice suit as a challenge to his federal conviction is unavailing, as he fails to demonstrate how the result of that action could impact his federal court conviction. As Matthews has failed to demonstrate that the denial of notary services caused him to suffer actual harm to his ability to challenge his conviction or sentence, directly or collaterally, or to challenge the conditions of his confinement, the district judge should dismiss Matthews's First Amendment claim asserting a denial of access to the courts.

      2.   Legal Mail

Matthews asserts that being required to produce his legal documents for inspection prior to them being filed in court interferes with his outgoing legal mail, in violation of his

First Amendment right to free speech, and could lead to interference with his right to access the courts, as well as a violation of his right to confidentiality and privacy in legal mail.

In order to assert an actionable claim arising out of the review of his outgoing legal mail, an inmate must allege that prison officials "'regularly and unjustifiably interfered with [his] legal mail.'"  Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (citation omitted).  Matthew's allegations do not demonstrate that prison officials ever actually interfered with his legal mail, much less that such interference was regular and unjustified.

Matthews alleges that he has a right to keep his legal filings confidential.  The documents in question were to be filed in a court's public docket, and thus Matthews has failed to assert any basis upon which he may assert a right to confidentiality in those documents.  For these reasons, Matthews has failed to state any cognizable claim for relief concerning the review of his legal documents by prison officials, and his First Amendment legal mail claims should be dismissed.

C.   **Equal Protection Claim**

Matthews asserts that another inmate was promptly given access to notary services without having his entire document reviewed by the FCI-Berlin Education Department, at around the same time that Matthews was required to produce his documents for review and was subsequently denied notary services. Matthews asserts that the other inmate was "similarly situated" to him because both of them sought the services of a notary, and that therefore, the differential treatment he received when he did not receive prompt notary services without substantive review of his pleadings, violated his Fourteenth Amendment right to equal protection.

"The Fourteenth Amendment's Equal Protection Clause prohibits a state from treating similarly situated persons differently because of their classification in a particular group." Mulero-Carrillo v. Román-Hernández, 790 F.3d 99, 105-06 (1st Cir. 2015), petition for cert. filed, No. 15-514 (U.S. Oct. 12, 2015).  "To establish an equal protection claim, a plaintiff needs to allege facts showing that (1) the person, compared with others similarly situated, was selectively treated; and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or

7

punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." <u>Davis v. Coakley</u>, 802 F.3d 128, 132-33 (1st Cir. 2015) (internal quotation marks and citations omitted).

Stripped of legal conclusions, Matthews's allegations fail to show that he and the other inmate seeking notary services were similarly situated in all relevant respects. Further, nothing in Matthews's pleadings gives rise to a reasonable inference that the differential treatment received by him and the other inmate was motivated by any impermissible considerations. Matthews thus has failed to state an equal protection claim, and the claim should be dismissed.

## II. <u>Federal Tort Claims Act Claims</u>

Matthews states that in June 2013, he tried to file a time-sensitive bankruptcy petition in the United States Bankruptcy Court for the District of New Hampshire ("Bankruptcy Court"), to prevent the foreclosure of the home in which his family lived. Approximately one month later, the petition was returned to him, undocketed as procedurally deficient.

In a previous case in this court, <u>Matthews v. Mikolaities</u>, No. 13-cv-360-PB ("<u>Matthews I</u>"), Matthews asserted federal constitutional and state law tort claims, arising out of the

8

same facts, asserted against the same two Bankruptcy Court employees whose conduct is the subject of Matthews's FTCA claims in this action.  In Matthews I, the district judge, in adopting the magistrate judge's report and recommendation, ruled that the conduct of Mikolaities and Conti did not "breach[] any duty owed to Matthews under federal or state law, or otherwise constitute[] a tort actionable under state law," and dismissed the complaint in its entirety for failure to state a claim.  See Matthews I, Nov. 5, 2013, Order (ECF No. 19), approving Oct. 24, 2013, Report and Recommendation (ECF No. 17), aff'd, No. 13-2428 (1st Cir. June 30, 2014).

This court finds no basis upon which to deviate from the court's finding in Matthews I that Matthews failed to raise any cognizable claims under state law concerning his bankruptcy filing.  The court therefore recommends that the FTCA claims be dismissed for failure to state a claim.

## III. **Virginia and Maryland State Law Claims**

### A.   Background

Matthews asserts that in 2013 and 2014, he requested that CompuScribe, a private Maryland transcription company, prepare transcripts he needed to challenge his federal criminal conviction in the Eastern District of Virginia.  Matthews states

9

that he paid for a transcript that was not prepared, and that as a result, the transcript was not available to him when he challenged his federal criminal conviction and sentence. Matthews names as defendants to these claims: Compuscribe; and CompuScribe employees Lisa Contreras, Michael Burns, and a John/Jane Doe office manager (collectively, "CompuScribe defendants").

In this action, Matthews asserts that the CompuScribe defendants are liable to him under Virginia and Maryland state law for failing to produce his transcripts.  Specifically, he alleges that: defendant Burns made "grossly negligent and wholly false statements" in the answer provided to the Better Busines Bureau and was personally negligent in failing to deliver the transcript to Matthews; CompuScribe failed to acknowledge Matthews's April 2014 payment or provide Matthews with the transcript; Contreras did not respond to any letters Matthews sent to her; CompuScribe and its office manager breached a duty of care owed to Matthews to provide the transcript once payment therefor was received.  Matthews asserts claims that the CompuScribe defendants: (1) breached the implied covenant of good faith and fair dealing by engaging in lies and misrepresentation; (2) breached a contract by breaching the

terms of their agreement to produce the transcript; and (3) acted negligently breached a duty of care to respond to his requests and to send the transcript.

B.   Venue

Venue is appropriate in the district where all of the defendants reside, or where a substantial part of the events giving rise to the plaintiff's claims occurred.  28 U.S.C. § 1391(b).  Where the defense of improper venue is "'obvious from the face of the complaint and no further factual record is required to be developed,'" the court may, sua sponte, dismiss the case.  Cox v. Rushie, No. CA 13-11308-PBS, 2013 U.S. Dist. LEXIS 86794 at *14, 2013 WL 3197655 at *4 (D. Mass. June 18, 2013) (quoting Trujillo v. Williams, 465 F.3d 1210, 1217 (10th Cir. 2006)); see also Wilkinson v. Sec'y, Fla. Dep't of Corrs., No. 14-11239, 2015 U.S. App. LEXIS 12160, 2015 WL 4269267 at *2 (11th Cir. July 15, 2015) (court may dismiss a matter, sua sponte, for defective venue, after providing plaintiff with an opportunity to object).

Matthews states that he is a citizen of Virginia, although he is presently incarcerated in a federal prison in New Hampshire.  He raises claims alleging violations of Virginia and Maryland state law against defendants in Maryland, for acts and

omissions alleged to have occurred in Maryland.  Accordingly, venue is not proper in this court, and the state law claims against the CompuScribe defendants should be dismissed for defective venue, without prejudice to being raised in a court where venue is proper.[3]

## Conclusion

For the foregoing reasons, the district judge should dismiss the constitutional claims and Federal Tort Claims Act claims in this action for failure to state a claim, and should dismiss the Virginia and Maryland state law claims without prejudice.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Garayalde-Rijos v. Mun. of Carolina, 747

---

[3]Although the Eastern District of Virginia transferred this case here, it did so on the basis that the events underlying the constitutional and FTCA claims asserted in this action occurred in New Hampshire.  See Matthews v. Grimes, No. 1:14-cv-00900-LO-TCB (E.D. Va. July 9, 2015), ECF No. 8.  The Eastern District of Virginia did not make any finding as to the appropriate venue over the state law claims concerning the transcript, see id., particularly if the FTCA and federal constitutional claims were no longer part of the case.

F.3d 15, 21-22 (1st Cir. 2014).


_____
Andrea K. Johnstone
United States Magistrate Judge


December 18, 2015

cc:  Alexander Otis Matthews, pro se